UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| H.H. by her Parents and Next Friends, HAROLD HOUGH and KARI HOUGH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:06-CV-551-TS |
| INDIANA BOARD OF SPECIAL EDUCATION APPEALS, INDIANA DEPARTMENT OF EDUCATION, INDIANA STATE BOARD OF EDUCATION, JOHN GLENN COMMUNITY SCHOOL CORPORATION and JOINT EDUCATION SERVICES IN SPECIAL EDUCATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

H.H., a minor, by her Parents and Next Friends, Harold and Kari Hough, have sued the Indiana Board of Special Education Appeals, Indiana Department of Education, Indiana State Board of Education (collectively the "State Defendants"), the John Glenn School Corporation, and the Joint Educational Services in Special Education. They allege violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., and state administrative law, 511 Ind. Ad. Code, Art 7. The State Defendants have moved to dismiss the claims against them in the Plaintiffs' First Amended Complaint on grounds that the Plaintiffs failed to exhaust administrative remedies and failed to state claims upon which relief can be granted.

**BACKGROUND**

H.H. is a nine-year old child who has been diagnosed with 47 XXX, also known as Triple X Syndrome. Her parents believe that the public schools are not providing an educational program appropriate to H.H.'s needs. On August 18, 2005, the parents requested a due process hearing to resolve disputes between H.H. and the John Glenn School Corporation and the Joint Educational Services in Special Education (JESSE). Independent Hearing Officer (IHO) Joseph R. McKinney held a hearing over the course of seven days in November and December 2005 and February 2006. On March 9, 2006, the IHO issued a written decision in favor of the School and JEESE. The Plaintiffs appealed the IHO's decision to the Board of Special Education Appeals (BSEA). The BSEA affirmed the IHO's decision and advised the parties of their right to seek judicial review.

On August 11, 2006, the Plaintiffs filed their Petition for Judicial Review of Agency Action and Request for Award of Attorney Fees Pursuant to 511 I.A.C. 7-30-6 against the Defendants. The Petition, which was filed in St. Joseph County Superior Court, challenged the findings of the IHO as upheld by the BSEA. On September 6, 2006, the Defendant School Corporation and JESSE removed the cause to federal court and, thereafter, all the Defendants answered the Complaint.

On November 6, 2006, the Plaintiffs moved to file an amended complaint that would "clarify and modify the complaint consistent with the applicable federal law." (DE 16 at 1.) The proposed amended complaint asserted claims against the State Defendants that were not included in the original Petition. On December 11, 2006, the Court granted the Plaintiffs' motion to amend over objections from the Defendants.

On December 21, 2006, the School Corporation and JESSE answered the Amended

2

Complaint. On this same date, the State Defendants moved to dismiss the Amended Complaint. The State Defendants submit that several of the Plaintiffs' claims should be dismissed because the Plaintiffs failed to exhaust their administrative remedies, which deprives this Court of subject matter jurisdiction.[1] The Defendants maintain that the Plaintiffs' failure to verify their Complaint also deprives this Court of subject matter jurisdiction. They contend that other claims asserted by the Plaintiffs—that Indiana's Administrative Code and its two-tiered hearing system violate the IDEA—fail to state claims upon which relief can be granted. Finally, the State Defendants argue that they are improper parties to the remaining allegations in the Amended Complaint.

On January 5, 2007, the Plaintiffs responded and on January 12 the State Defendants replied. Discovery has been stayed until resolution of the State Defendants' Motion to Dismiss.

**COMPLAINT ALLEGATIONS AGAINST STATE DEFENDANTS**

Indiana has developed an administrative hearing system for parents of children with disabilities to contest the educational services that their children receive. Indiana's two-tiered system provides two separate levels of review: a local due process hearing and a state agency review. The Plaintiffs allege that Indiana's administrative code section setting forth the state's agency review process violates the IDEA in two ways: (1) it does not require BSEA review panel members to be "knowledgeable in special education law or to be trained to conduct local level hearings;" and (2) the BSEA is "assisted to an unknown degree by general counsel of the department of education." (Pl.'s Amd. Comp., ¶¶ 8, 9).

---

[1] As the Seventh Circuit has reiterated, a failure to exhaust administrative remedies should not be evaluated under Rule 12(b)(1) for lack of subject matter jurisdiction. *Mosley v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 532 (7th Cir. 2006) (holding that failure to exhaust administrative remedies in IDEA case was an affirmative defense and not a jurisdictional bar).

The Plaintiffs also assert that Indiana's two-tiered hearing system, as presently structured, violates the IDEA's requirement that the local hearing and the state review be independent of each other because the State Defendants appoint both the local hearing officer and the BSEA review panel. (DE 24, ¶¶ 12–13, 22.)

The Plaintiffs contend that the State Defendants violated the IDEA and Article 7 of the Indiana Administrative Code when they appointed Joseph McKinney as the Independent Hearing Officer.  The Plaintiffs allege that he had a "personal or professional interest that would conflict with [his] objectivity" because he teaches a workshop for school administrators at Ball State University. (Pl.'s Amd. Compl., ¶¶ 11, 22) (citing 511 Ind. Admin. Code 7-30-3(g)(2)). They contend that if the State Defendants knew about his professorial position when he was appointed, "they violated both the IDEA and Article 7 by appointing McKinney. If State Defendants did not know, they had a duty to know and avoid such an appointment in order to ensure the integrity of the hearing system." (Pl.'s Amd. Compl., ¶ 11.)

The Plaintiffs contend that because the State Defendants receive federal funding under the IDEA to assist the State of Indiana in maintaining appropriate educational services for children with disabilities, they were responsible for Indiana's insufficient number of self-contained communication disordered classrooms. The Plaintiffs assert that the lack of appropriate classrooms violated H.H.'s right to a continuum of alternative placements because she is in need of these services. (DE 24, ¶¶ 5, 6.)[2]

---

[2] The IDEA and federal regulations provide that, to the extent appropriate, children with disabilities are to be educated with nondisabled children and removed from the regular educational environment only if the nature or severity of the disability is such that education in a regular classroom with the use of supplementary aids and services cannot satisfactorily be achieved. 20 U.S.C. § 1412(a)(5); 34 C.F.R. § 300.114. The continuum or services that must be provided includes instruction in regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions. 34 C.F.R. § 300.115.

>For relief, the Plaintiffs request that the Court:
>
>[e]njoin the State Defendants from utilization of the current BSEA system until the State conforms the Indiana hearing system to the requirements of the IDEA, including elimination of the BSEA level as presently constituted under state law, requiring all hearing officers to disclose any outside income that may impact their impartiality, and/or revising the Indiana Article 7 regulations to ensure that the State Defendants appoint a review panel that is consistent with the IDEA.

(DE 24, Relief, ¶ 1.)

## DISCUSSION

**A.     Failure to Verify the Amended Complaint**

In their Motion to Dismiss, the State Defendants assert that this Court lacks subject matter jurisdiction over the claims set forth in the Plaintiff's First Amended Complaint because the Complaint was not verified as required by Indiana law. The Seventh Circuit recently held that the verification requirement only applies in state court and it would be an improper operation of Federal Rule of Civil Procedure 11(a) to dismiss an IDEA complaint on this ground. *Farzana K. v. Ind. Dept. of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (holding that because "[n]o federal rule or statute requires complaints under the IDEA to be verified" the complaint should not have been dismissed for failure to comply with a verification requirement that governs only in Indiana state court).

The Defendants state in their reply that, on the authority of *Faranza*, they "will not now pursue this argument." (DE 32 at 11–12.) The Plaintiffs' failure to verify the Amended Complaint does not deprive this Court of authority to hear the case or otherwise subject the Plaintiffs' claims to dismissal.

5

**B.     Standard of Review**

The State Defendants move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). However, because none of the Defendants' arguments implicate the class of cases this Court can consider under its adjudicatory authority, it would not be proper to analyze their Motion under Rule 12(b)(1). *See Mosely*, 434 F.3d at 532–33 (noting that the IDEA's exhaustion requirement is a claims-processing rule and the district court should not have used Rule 12(b)(1) to analyze whether failure to exhaust administrative remedies warranted dismissal of claims).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988). A plaintiff may plead himself out of court if the complaint includes particulars that show he cannot possibly be entitled to the relief he seeks. *See Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir. 1994). The court may consider all

allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

**C.     IDEA Procedural Safeguards**

The IDEA is a funding statute that allows the federal government to provide financial assistance to states for the education of children with disabilities. To receive the financial aid, a state must meet certain prerequisites including providing procedural safeguards to protect the children's rights. 20 U.S.C. § 1415(a) (mandating that any agency "that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies"). "The IDEA does not require a specific procedural format, and a state may utilize any procedural structure as long as it meets the minimum federal standards." *Bray by Bray v. Hobart City Sch. Corp.*, 818 F. Supp. 1226, 1230 (N.D. Ind. 1993).

> This process consists of, first, the presentation of a complaint, 20 U.S.C. § 1415(b)(6); second, an impartial due process hearing before an independent hearing officer that is conducted by either the state or the local educational agency as determined by state law or the state agency, 20 U.S.C. § 1415(f)(1)(A) and (f)(3); third, depending on the nature of the particular state's due-process hearing structure, an appeal to the state education authority, 20 U.S.C. § 1415(g)(1); and, finally, a civil action for judicial review and determination, 20 U.S.C. § 1415(i). A reviewing court shall receive the administrative record, shall hear additional evidence on request of any party, and, based on a preponderance of the evidence, shall grant such relief as it determines is appropriate. 20 U.S.C. § 1415(i)(2)(c).

*L.B. ex rel. Benjamin v. Greater Clark County Schs.*, 458 F. Supp. 2d 845, 849 (S.D. Ind. 2006).

Because the State of Indiana has elected to receive federal funds under the IDEA, it has

created procedures to implement the IDEA through the administrative rules found at 511 Ind. Admin. Code 7-30-1 et seq.

> Any individual, group of individuals, agency, or organization may file a complaint alleging a violation of federal or state laws applying to special education programs. 511 IAC 7-30-2. Indiana additionally requires its division of special education to investigate complaints and order corrective action. 511 IAC 7-30-2(c)-(j). A parent, public agency, or the state educational agency may initiate a due process hearing whenever a dispute arises concerning the provision of special education to a student. 511 IAC 7-30-3. Any party to a due-process hearing may appeal the hearing officer's decision to the Board of Special Education Appeals ("BSEA") which applies a deferential standard of review: the BSEA determines only whether the decision is arbitrary or capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law or established procedure. 511 IAC 7-30-4. Dissatisfied parties may file a civil action for judicial review of the BSEA's decision. 511 IAC 7-30-4(n) and (o).

*L.B. ex rel. Benjamin*, 458 F. Supp. 2d at 849 (footnotes omitted).

The final step of the process, judicial review, is ordinarily available only after the student or parent exhausts administrative remedies. 20 U.S.C. §§ 1415(i)(2) and 1415(l); *Honig v. Doe*, 484 U.S. 305, 326–27 (1988). However, the exhaustion requirement is not absolute. It is not required where it would be futile or where the administrative remedy would be inadequate. *Honig*, 484 U.S. at 326–27; *Matthews v. Eldrige*, 424 U.S. 319, 329–30 (1976). Plaintiffs may also bypass the administrative remedies if "the agency has adopted a policy or pursued a practice of general applicability that is contrary to the law." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303–04 (9th Cir. 1992) (citing H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985) (discussing 1986 amendments to the IDEA)).

**D.    The State's Number of Self-Contained Communication Disordered Classrooms**

The State Defendants argue that the Plaintiffs should have exhausted their claims

regarding the number of self-contained communication disordered classrooms and continuum of services placement. The Plaintiffs contend that they did exhaust this claim and point to the decisions of the IHO and the BSEA. Both decisions make multiple references to testimony from the parties' experts, who discussed the student's placement. The Plaintiffs argue that the appropriateness of placement in a communication-disordered classroom was raised, but was not properly reviewed by the IHO or the BSEA and the school did not put forth any evidence that such a classroom was available to H.H.

The record on this issue is not sufficiently developed to allow the Court to determine on a motion to dismiss whether this claim was exhausted and, if it was not, whether it was required to be exhausted. Because exhaustion is an affirmative defense upon which the Defendants bear the burden of proof, *see Mosely*, 434 F.3d at 532, and dismissal under Rule 12(b)(6) is only appropriate if the Defendants establish that the Plaintiffs could prove no set of facts consistent with the allegations of the complaint, the State Defendants' motion to dismiss this claim is denied.

**E.     Indiana's Two-Tiered System**

**1.     *Indiana Administrative Code Sections 7-30-3 and 7-30-4***

The Plaintiffs' Amended Complaint alleges that two different sections of Indiana's Administrative Code are contrary to the IDEA, § 1415(f). The challenged sections are 511 Ind. Admin. Code 7-30-3 and 511 Ind. Admin. Code 7-30-4.

511 Ind. Admin. Code 7-30-3 describes the procedures for a due process hearing initiated by a parent, public agency, or state educational agency. Section 7-30-3(g) provides that the

person appointed as an IHO shall:

> (1) be trained in the due process hearing procedures;
> (2) have no personal or professional interest that would conflict with the person's objectivity in the hearing;
> (3) not be an officer, employee, or agent of the public agency, the department of education, or any other agency that may be involved in the education or care of the student;
> (4) have knowledge of laws and regulations relating to the provision of special education and related services; and
> (5) be subject to any other qualifications established by the superintendent of public instruction.

511 Ind. Admin. Code 7-30-3(g)(1)–(5). Subsection (h) further provides that " [a] person who otherwise qualifies as an independent hearing officer is not considered an employee of the public agency solely because the person is paid by the public agency to serve as an independent hearing officer." 511 Ind. Admin. Code 7-30-3(h). The state superintendent of public instruction appoints the IHO. 511 Ind. Admin. Code 7-30-3(e).

511 Ind. Admin. Code 7-30-4 addresses due process hearing appeals:

> (a) The state board of special education appeals (board) is established. The board shall have three (3) members appointed by the state superintendent of public instruction. Each member shall be appointed for a three (3) year term, with the year of appointment alternating to preclude all three (3) members being appointed at once. The members of the board shall alternate as chair when conducting impartial reviews. A member of the board:
> > (1) may not be an officer, employee, or agent of a public agency involved in the education or care of a student;
> > (2) may not have any personal or professional interest that conflicts with the member's objectivity in the appeal process; and
> > (3) must be a resident of Indiana.

511 Ind. Admin. Code 7-30-4(a). The board reviews the entire record and conducts an impartial review. 511 Ind. Admin. Code 7-30-4(i), (j). Subsection (b) provides that the "general counsel for the department of education shall serve as the agent for the board for receipt of all correspondence and the filing of documents." 511 Ind. Admin. Code 7-30-4(b).

10

The authority for these state provisions come from § 1415 of the IDEA. Section 1415(f)(1)(A) provides:

> Whenever a complaint has been received under subsection (b)(6) or (k) of this section, the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

20 U.S.C. § 1415(f)(1)(A). Section 1415(f)(3)(A) sets forth the minimum requirements of a person who may conduct the due process hearing:

> A hearing officer conducting a hearing pursuant to paragraph (1)(A) shall, at a minimum—
> (i) not be—
> (I) an employee of the State educational agency or the local educational agency involved in the education or care of the child; or
> (II) a person having a personal or professional interest that conflicts with the person's objectivity in the hearing;
> (ii) possess knowledge of, and the ability to understand, the provisions of this chapter, Federal and State regulations pertaining to this chapter, and legal interpretations of this chapter by Federal and State courts;
> (iii) possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice; and
> (iv) possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice.

20 U.S.C. § 1415(f)(3)(A).

A separate subsection, § 1415(g), discusses the appeal right:

> (1) In general
> If the hearing required by subsection (f) of this section is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency.
> (2) Impartial review and independent decision
> The State educational agency shall conduct an impartial review of the findings and decision appealed under paragraph (1). The officer conducting such review shall make an independent decision upon completion of such review.

20 U.S.C. § 1415(g)(1)–(2).

11

a.     *Appointment of IHO and BSEA Review Panel Members*

Under Indiana Administrative Code, the state superintendent of instruction appoints the IHO and also appoints BSEA members. 511 Ind. Admin. Code 7-30-3(e); 511 Ind. Admin. Code 7-30-4(a). The Plaintiffs' challenge to Indiana's two-tiered system is that the State Defendants' appointment (through the state superintendent of instruction) of both the IHO and the BSEA review panel violates the concept of a local hearing and a state review system that are independent of each other as required by 20 U.S.C. § 1415(f).

The Defendants argue that the Plaintiffs failed to exhaust their administrative remedies as to the accusation that the State Defendants violated the IDEA by the manner in which they assigned the IHO or appointed the BSEA because they did not move for disqualification of the IHO and did not request that any member of the BSEA be disqualified for impartiality.

Although the Court does not believe that the Plaintiffs' allegation that Indiana's two-tiered system of review violates the IDEA is amenable to presentation before the reviewing agency (and thus should not be dismissed for failure to exhaust administrative remedies), it nonetheless fails to state a claim for which relief may be granted. The Plaintiffs do not explain how the State's appointments run afoul of § 1415(f) and the independent review contemplated by the IDEA. However, in its response brief, the Plaintiffs specifically cite the language from § 1415(f) that prohibits a hearing officer from being "an employee of the State educational agency or the local educational agency involved in the education or care of the child." (DE 28 at 16.) The reasonable inference from the Plaintiffs' Amended Complaint is that the IHO and BSEA members are comparable to employees of the state because they are appointed by the state

12

superintendent of instruction. No set of facts could be proved consistent with this allegation that would actually render the appointed officers state employees simply by virtue of the person or entity making the appointment. In fact, the administrative code mirrors the requirements of § 1415(f) that an IHO "not be an officer, employee, or agent of the public agency, the department of education, or any other agency that may be involved in the education or care of the student." Ind. Admin. Code 7-30-3(g)(3).

Nor can the Court hypothesize any scenario, from the allegations contained in the Amended Complaint, in which the simple act of appointing both the IHO for the initial review and the BSEA members for the state agency review would compromise the procedural safeguards conceived by the IDEA. The BSEA is required by Indiana law (in accordance with the IDEA), to conduct "an impartial review." 511 Ind. Admin. Code 7-30-4(i). Being appointed by the state superintendent of instruction does not change this or otherwise render the appointment inconsistent with due process. The Plaintiffs' challenge to Indiana's two-tiered system on the basis of the State Defendants' appointment role is dismissed for failure to state a claim upon which relief can be granted.

b.   *Department of Education's Assistance to BSEA*

The Plaintiffs challenge 511 Ind. Admin. Code 7-30-4 on the grounds that it violates the IDEA because it allows the general counsel of the department of education to assist the BSEA. The Plaintiffs allege:

> By state law at 511 IAC 7-30-4, the BSEA is assisted to an unknown degree by general counsel of the department of education. This is contrary to the IDEA because the IDEA prohibits a department of education employee from playing any decision making role in the review process. 20 U.S.C. 1415(f); 34 C.F.R.

300.508(1999); 34 C.F.R. 300.511(1999); 34 C.F.R. 300.511(2006).

(Pf.'s Am. Compl., ¶ 9.)

The Plaintiffs have set forth their legal theory in full and pled themselves out of court. As cited above, 20 U.S.C. § 1415(f) (and the corresponding regulations) set forth the procedures for an impartial due process hearing. Although the Plaintiffs' Amended Complaint refers to general counsel's assistance "to an unknown degree," the administrative code section that they specifically cite to demonstrates that this assistance is serving "as the agent for the board for receipt of all correspondence and the filing of documents." 511 Ind. Admin. Code 7-30-4(b).[3] The Plaintiffs cannot establish any set of facts consistent with these allegations that would support an inference that acting as the agent for receipt of documents is akin to playing a decision-making role in the review process. The Plaintiffs' claim that 511 Ind. Admin. Code 7-30-4 violates 20 U.S.C. § 1415(f), because the BSEA is assisted by general counsel of the department of education, fails to state a claim upon which relief may be granted.

c.      *BSEA Knowledge and Training Requirements*

The Plaintiffs' other challenge to 511 Ind. Admin. Code 7-30-4 is that it "does not require the review panel members of the BSEA to be knowledgeable in special education law or be trained to conduct local level hearings." (Pf.'s Am. Comp., ¶ 8.) The Plaintiffs assert that this violates the IDEA, § 1415(f), and 34 C.F.R. § 300.511(c)(ii), (iii), and (iv). (*Id.*)[4] If the Plaintiffs

---

[3] The Plaintiffs' Response to the Motion to Dismiss verifies that this is the extent of the assistance that they allege violates the IDEA.

[4] The federal regulations cited by the Plaintiffs require that hearing officers meet the following requirements:

14


are wrong that the IDEA section cited in the Amended Complaint requires BSEA members to have this knowledge and training, the Plaintiffs have again pled themselves out of court.

The Defendants argue that the Plaintiffs are mistaken about the knowledge and training requirements because the list of requirements they rely on, found in § 1415(f)(3)(A), only applies to the initial due process hearing, not to agency appeals such as those conducted by the BSEA. The code section relevant to the BSEA, § 1415(g), simply requires that the state agency conduct an "impartial review of the findings and decisions appealed" and that the officer "make an independent decision upon completion of such review." 20 U.S.C. § 1415(g)(2).

In their response brief, the Plaintiffs argue that the requirements set forth in § 1415(f)(3)(A) apply to both the IHO and the BSEA. Therefore, the IHO and BSEA members must possess the knowledge required by § 1415(f)(3)(A).

Under no set of facts consistent with the Plaintiff's Amended Complaint does § 1415(f) apply to the reviewing agency or require that the BSEA members have the knowledge the Plaintiffs contend they must. The IDEA contemplates a due process hearing conducted by either the state educational agency or the local education agency. *See* § 1415(f)(1)(A) (requiring an "impartial due process hearing, which shall be conducted by the State educational agency *or* by the local educational agency, *as determined by State law* or by the State educational agency.")

---

        (ii) Must possess knowledge of, and the ability to understand, the provisions of the Act, Federal and State regulations pertaining to the Act, and legal interpretations of the Act by Federal and State courts;

        (iii) Must possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice; and

        (iv) Must possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice.

34 C.F.R. § 300.511(c)(i), (ii), (iii).

Then, depending on the nature of the particular state's due-process hearing structure, an appeal may be taken to the state education authority, 20 U.S.C. § 1415(g)(1). Indiana has elected to use a two-tiered process with the first hearing conducted at the local level by an IHO, whose job is different from the reviewing agency's job. There is no basis in law to make the IDEA provisions intended specifically for the initial due process hearing and the IHO apply to the appeal process, including those who are eligible to consider the appeal. A separate Code provision outlines the procedures for an appeal of a local decision to the state educational authority. *See* 20 U.S.C. § 1415(g). As stated above, that section only requires that the agency conduct "an impartial review" of the appealed decision and "make an independent decision upon completion of such review." 20 U.S.C. § 1415(g)(2). It says nothing of the reviewers' knowledge of the IDEA or his or her ability to conduct due process hearings. Therefore, the Plaintiffs' claim that 511 Ind. Admin. Code 7-30-4 is contrary to the IDEA is dismissed.

**F.     The IHO's Impartiality**

According to Indiana's Administrative Code, a person appointed as an IHO must "have no personal or professional interest that would conflict with the person's objectivity in the hearing." 511 Ind. Admin. Code 7-30-3(g)(2). In the First Amended Complaint, the Plaintiffs alleges that the IHO's appointment appears contrary to this provision because he teaches a workshop for school administrators at Ball State University. The Plaintiffs contend that, if the State Defendants knew about his position as a professor, their appointment violated the IDEA and Article 7 and that, if they did not know, they failed to ensure the integrity of the hearing system. (DE 24, ¶ 11.) The Defendants maintain that if the Plaintiffs believed the IHO lacked

objectivity, they should have petitioned for his disqualification during the administrative proceedings as permitted by Indiana Code:

> Any party to a proceeding may petition for the disqualification of an individual serving alone or with others as an administrative law judge upon discovering facts establishing grounds for disqualification under this chapter. The administrative law judge assigned to the proceeding shall determine whether to grant the petition, stating facts and reasons for the determination. If the administrative law judge ruling on the disqualification issue is not the ultimate authority for the agency, the party petitioning for disqualification may petition the ultimate authority in writing for review of the ruling within ten (10) days after notice of the ruling is served. The ultimate authority shall conduct proceedings described by section 28 of this chapter to review the petition and affirm, modify, or dissolve the ruling within thirty (30) days after the petition is filed. A determination by the ultimate authority under this subsection is a final order subject to judicial review under IC 4-21.5-5.

Ind. Code § 4-21.5-3-9(d). They argue that because the Plaintiffs failed to assert that the IHO had a conflict of interest, they failed to exhaust their administrative remedies.

The Plaintiffs do not dispute that they did not raise this issue at the administrative level. They argue that they were not required to exhaust this claim. In their response brief, the Plaintiffs maintain that the State of Indiana has the responsibility to ensure the impartiality of the hearing process and cannot put that onus on the parents. They argue that Indiana Code § 4-21.5-3-9(c) puts the responsibility for disclosure of potential conflicts on the hearing officer or the BSEA and that neither party "appears to have made any such disclosures in this case." (Pl.'s Mem. at 13) (emphasis added). Section 4-21.5-3-9(c) provides:

> (c) If the judge believes that the judge's impartiality might reasonably be questioned, or believes that the judge's personal bias, prejudice, or knowledge of a disputed evidentiary fact might influence the decision, an individual assigned to serve alone or with others as an administrative law judge shall:
> (1) withdraw as the administrative law judge; or
> (2) inform the parties of the potential basis for disqualification, place a brief statement of this basis on the record of the proceeding, and allow the parties an opportunity to petition for disqualification under subsection (d).

17

IC 4-21.5-3-9(c).

The only factual allegation in the Amended Complaint or Response Brief in support of the Plaintiffs' claim that McKinney should not have been appointed is that he was paid to conduct a workshop for school administrators at Ball State University. Although it is true that the Plaintiffs were entitled to an impartial hearing officer, it is also true that those serving as adjudicators are presumed to act in good faith, honestly, and with integrity. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). The Seventh Circuit accords administrative decision-makers the presumption that they acted in a fair and impartial manner. *See Chapman v. United States Commodity Futures Trading Comm'n*, 788 F.2d 408, 411 (7th Cir. 1986). Even assuming that the specific conflict identified by the Plaintiffs existed and McKinney was paid to teach a workshop for school administrators, it is not the type of professional interest that would ordinarily conflict with objectivity and overcome this presumption. The Plaintiffs do not allege that his teaching position amounted to a direct, personal, or pecuniary interest in the Plaintiffs' case or that his actions at the hearing reflected bias or misconduct. *See, e.g., Dell v. Bd.. of Educ., T High Sch. Dist. 13*, 32 F.3d 1053, 1065–66 (7th Cir. 1994) (holding that plaintiffs did not rebut presumption of impartiality with allegation that hearing officer's employer was represented in the past by the law firm that represented the school defendants at the due process hearing). Thus, if the Court were ruling on the merits of the Plaintiffs' claim in this Opinion and Order, it would deny the claim. However, because the Plaintiffs can still prove facts that would overcome the presumption and that are not inconsistent with their complaint allegations, the claim survives a Rule 12(b)(6) motion to dismiss. *See Doe v. Smith*, 429 F.3d 706, (7th Cir, 2005) (stressing that complaints should not be dismissed for failure to plead certain facts and law because they only

18

initiate litigation—factual details and legal arguments come later). While it is not reasonable to assume that the IHO automatically sympathizes with the school's point of view because he teaches a seminar for administrators, the Plaintiffs could establish facts that prove the IHO was actually biased and that the State Defendants did not follow the rules and procedures that exist to ensure impartiality.

In addition, because the exact nature of the Plaintiffs' claims regarding the State Defendants' role in ensuring impartiality is unclear, the Court cannot determine that this claim should be dismissed for failure to exhaust administrative remedies.

### G. State Defendants as Proper Parties

The State Defendants argue that they are not proper parties to any claims that involve only the Plaintiffs' disagreement with the decisions issued by the IHO or the BSEA. While the Court agrees with this general statement, the State Defendants do not identify which claims in the Amended Complaint fit this description. In addition, the Plaintiffs do not respond to the State Defendants argument for dismissal on grounds that they are not a proper party. The Court also notes that the Plaintiffs' Amended Complaint separates the claims against the State Defendants from those asserted against the School and local cooperative for the denial of a free appropriate public education. For these reasons, the Court does not dismiss the State Defendants from any claims on the basis that they are not proper parties.

### CONCLUSION

For the foregoing reasons, the State Defendants' Motion to Dismiss [DE 26] is

GRANTED in PART and DENIED in PART. Three of the Plaintiffs' claims are dismissed: (1) the claim that Indiana's Administrative Code violates the IDEA because the BSEA is assisted by the general counsel of the department of education; (2) the claim that Indiana's Administrative Code violates the IDEA because it does not require that BSEA members be knowledgeable in special education law and trained to conduct local level hearings; and (3) the claim that Indiana's two-tiered system violates the IDEA because the state superintendent of instruction appoints both the local hearing officer and the BSEA review panel. The Plaintiffs' claim regarding the number of self-contained communication disordered classrooms and the claim that State Defendants violated the rules intended to ensure the impartiality of the hearing officer remain intact.

SO ORDERED on April 12, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION