UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| H.H by her Parents and Next Friends, ) <br> HAROLD HOUGH and KARI ) <br> HOUGH, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> INDIANA BOARD OF SPECIAL ) <br> EDUCATION APPEALS, *et al.*, ) <br> ) <br>     Defendants. ) | CAUSE NO. 3:06-CV-551 TLS |

**OPINION AND ORDER**

On June 29, 2007, Defendants filed two motions to quash Plaintiffs' notices of depositions and for protective orders. On July 12, 2007, Defendants filed a third motion to quash and for a protective order. On August 1, 2007, Defendants filed a fourth motion for a protective order. Plaintiffs responded in opposition to all of these motions. The Court now enters its ruling on all pending discovery matters.

**I.   PROCEDURE**

Under the Individuals with Disabilities Education Act (IDEA), states that receive funding are required to incorporate and maintain certain procedures to ensure that children with disabilities are guaranteed free appropriate public education. See 20 U.S.C. § 1415(a). Among other things, a party must be able to: present a complaint, have the opportunity for an impartial due process hearing as determined by state law, be able to present an appeal to the state education authority, and, finally, have the right for judicial review. See 20 U.S.C. § 1415(b)(6), (f)(1)(A), (g)(1), (i); see also L.B. ex rel. Benjamin v. Greater Clark County Sch., 458 F. Supp. 2d 845, 848-49 (S.D. Ind. 2006).

Indiana has implemented these safeguards by administrative rule.  See L.B. ex rel Benjamin, 458 F. Supp. 2d at 849.  An individual may file a complaint, and then a parent, public agency, or state educational agency may initiate a due process hearing.  511 IAC 7-30-2; 511 IAC 7-30-3.

On August 18, 2005, the parents of H.H. requested a due process hearing to resolve disputes between H.H. and the John Glenn School Corporation and the Joint Educational Services in Special Education (JESSE).  From November of 2005 to February of 2006, Independent Hearing Officer (IHO) Joseph McKinney (McKinney) held a hearing over several days.  On March 9, 2006, McKinney issued a written decision in favor of the John Glen School Corporation and JESSE.  The Plaintiffs appealed McKinney's decision with the Board of Special Education Appeals, which upheld McKinney's decision.  On August 11, 2006, Plaintiffs filed their petition for review of McKinney's decision in Indiana state court.  On September 6, 2006, this matter was removed to this Court by the Defendants.

On December 7, 2006, this Court held a Fed. R. Civ. P. 16(b) conference in which certain deadlines were established.  After this date, the Defendants filed a motion to dismiss on December 21, 2006.  On January 22, 2007, this Court stayed all discovery until this Court resolved the pending motion to dismiss.

On April 12, 2007, this Court entered an opinion and order that granted in part and denied in part the pending motion to dismiss.  All of Plaintiffs' claims were denied except two: 1) Plaintiffs' claim regarding the number of self contained communication disordered classrooms

survived, and 2) Plaintiffs' claim that the Defendants violated the rules intended to ensure the impartiality of the hearing officer also survived.[1] At this point the stay was automatically lifted.

The parties have resumed engaging in discovery, but Defendants have filed a flurry of discovery motions. On June 29, 2007, Defendants filed their first two motions to quash and for a protective order. On July 3, 2007, Defendants filed their third motion for a protective order, but it was subsequently withdrawn unilaterally. On July 12, 2007, Defendants filed their fourth motion to quash and for a protective order. Finally, on August 1, 2007, Defendants filed their fifth motion for a protective order. On September 19, 2007, this Court held an in-court hearing with regards to all of these motions. All of these motions are now ripe for this Court's review, and this Court enters its ruling on all pending discovery motions pursuant to 28 U.S.C. § 636(b)(1)(A).

**II.     ANALYSIS**

A.     <u>Discovery Standard</u>

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). A district court is obligated to permit a party to gather

---

[1] Plaintiffs' first claim regarding the self contained classrooms is their anchor claim that has its genesis with the initial administrative hearing. The IDEA and federal regulations provide that children with disabilities are to be educated with non-disabled children and only removed under certain circumstances. See 20 U.S.C. § 1412(a)(5); 34 C.F.R. § 300.114-15; <u>H.H. ex rel. Hough v. Ind. Bd. of Special Educ. Appeals</u>, 2007 WL 1118386 at 2, n. 2 (N.D. Ind. 2007). Plaintiffs alleged at the due process hearing before McKinney that these requirements were not being followed with H.H. Plaintiffs raised this claim again upon judicial review. While it is one of Plaintiffs' surviving claims, it is not relevant to any of Defendants' pending motions.

sufficient information to raise a material issue of fact. Ill. State Employees Union v. Lewis, 473 F.2d 561, 565 n. 8 (7th Cir. 1972).

However, because this case originates from a state administrative proceeding in accordance with the IDEA, the complexion of discovery changes slightly.  See Patricia P. v. Bd. of Educ. of Oak Park, 203 F.3d 462, 470 (7th Cir. 2000).  There is no specific restriction, such as in ERISA cases, that prevents a party from discovering information beyond the administrative record.  See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 980 (7th Cir. 1999) (indicating that discovery is limited to administrative record in certain ERISA cases).  In fact, under 20 U.S.C. § 1415(i)(2)(C)(i)-(ii), a court shall receive the administrative record and hear additional evidence at the request of a party.  However, in the 7th Circuit, district courts are cautioned to not receive additional evidence beyond the administrative record absent a strong justification for failure to present such evidence at the administrative level.  Monticello Sch. Dist. No. 25 v. George L. on Behalf of Brock L., 102 F.3d 895, 901-02 (7th Cir. 1996); Konkel v. Elmbrook School Dist., 348 F. Supp. 2d 1018, 1021 (E.D. Wis. 2004).  "Ultimately, discretion is left to the trial court to determine whether to allow evidence beyond the administrative record, so long as the evidence would not change the character of the hearing from one of review to a trial *de novo*."  Id.; Patricia P., 203 F.3d at 470; Konkel, 348 F. Supp. 2d at 1021.

    B.    Defendants' Motions

Under 20 § 1415(f), a party presenting a complaint has the right to an impartial due process hearing.  Indiana addresses the "impartial" requirement through several regulations including 511 IAC 7-30-3(g).  This particular regulation requires an IHO to have sufficient

training and knowledge regarding due process hearings and procedures, and it requires that an IHO not have any personal or professional conflict that impedes the IHO's objectivity.  See 511 IAC 7-30-3(g)(1)-(5). One of Plaintiffs' claims that survived the Defendants' motion to dismiss is that the appointment of McKinney as the IHO violated 511 IAC 7-30-3(g).  This Court specifically held in its previous order that:

> . . . because the Plaintiffs can still prove facts that would overcome the presumption and that are not inconsistent with their complaint allegations, the claim survives a Rule 12(b)(6) motion to dismiss. . . .the Plaintiffs could establish facts that prove the IHO was actually biased and that the State Defendants did not follow the rules and procedures that exist to ensure impartiality.

H.H. ex rel. Hough v. Ind. Bd. of Special Educ. Appeals, 2007 WL 1118386 at 10 (N.D. Ind. 2007).  However, at the September 19, 2007, hearing before this Court, counsel for Plaintiffs clarified their claim.  Plaintiffs' counsel informed the Court that they are not claiming that McKinney lacked sufficient training or knowledge, nor are Plaintiffs claiming that McKinney had a personal or professional conflict that would make him biased.  Instead, as Plaintiffs made clear at the hearing, they allege that Indiana's decision to choose people who train or educate IHOs to serve as IHOs is contrary to law.  In other words, Plaintiffs are challenging Indiana's choice of IHOs on a systematic level rather than based upon any particular or individual facts regarding McKinney.

  This Court finds that Plaintiffs are not entitled to discovery regarding McKinney outside of the record on the issue of Indiana's scheme.  Plaintiffs have sought discovery about McKinney from a variety of sources.  But any information about McKinney, or from McKinney, is too remote to be relevant to Plaintiffs' remaining issue.  For example, even if Plaintiffs are correct that the scheme Indiana uses to select IHOs may generally suggest that IHOs are not

5

impartial, that does not establish that McKinney himself particularly lacked the impartiality required in the underlying hearing, which is the basis of this lawsuit. Similarly, even if McKinney were not impartial, it does not automatically follow that the system that selected him is flawed. Or put differently, Plaintiffs' discovery request is not logically connected to the claim they seek to prove. There simply is too large of an analytical gap to draw the connection between Plaintiffs' challenge and facts from or about McKinney. At best, this Court could only speculate that the improper Indiana scheme might have created a biased IHO with McKinney. Such a tenuous connection, however, does not warrant discovery outside of the administrative record.

Furthermore, this Court cannot allow such broad discovery regarding Indiana's scheme to train and select IHOs, which is well beyond the administrative record. This lawsuit deals with one student. Decisions were rendered and facts were weighed regarding the education of that one student. Any other IHOs from other hearings, as well as facts from other hearings, have nothing to do with the Plaintiffs' case. This Court would be weighing new facts with new issues if it considered such discovery. If this Court were to allow discovery based only on relevance to Plaintiff's broad systemic allegation, the complexion of this case would change dramatically from a case dealing with one student to a case that resembled a class action.[2] As cautioned by the 7th Circuit, we cannot change the complexion of this case from one of review to something much different.

This Court might have allowed discovery outside of the record regarding McKinney if Plaintiffs had alleged that McKinney himself was not impartial. But, they have not made such

---

[2] If Plaintiffs intended a broad attack on Indiana's scheme of selecting impartial IHOs, they could have sought to proceed as a class action under Fed. R. Civ. P. 24.

an allegation.  On the contrary, as stated previously, Plaintiffs' counsel admitted at the hearing that they are only claiming that Indiana's scheme created an impartial IHO, who happened to be McKinney.  Because the discovery the Plaintiffs seek is too remote to their surviving claim, the Defendants' motions for protective orders are **GRANTED**.

      C.      The Depositions

However, even if this Court were to conclude that the Plaintiffs were entitled to discovery outside of the record, this Court is not persuaded that Plaintiffs' requested depositions are appropriate under the Federal Rules.  Plaintiffs have sought discovery through three depositions, but each of them is inappropriate for discovery pursuant to Fed. R. Civ. P. 26.

Discovery under Rule 26 is not an invitation to the proverbial fishing expedition. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C).  This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In ruling on a motion to compel, "a district court should independently

determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

On June 26, 2007, Plaintiffs issued three notices of deposition to two non-parties, Dana Long (Long), Kevin McDowell (McDowell), and McKinney.  Defendant has filed a protective order regarding each of these individuals and their depositions.

      1.      Dana Long

Long served as legal counsel for the Indiana Department of Education in the administrative due process hearing that is the subject of this case, as well as another due process hearing in which Plaintiffs were involved.   Plaintiffs seek to depose Long regarding an *ex parte* conversation that an IHO had with Long.  However, the conversation took place not between Long and McKinney, who is the IHO for the due process hearing in the present cause of action, but between Long and another IHO in another due process hearing.  Defendants seek to quash the notice of deposition for Long, and they seek a protective order preventing future discovery from Long.

This Court finds this discovery is simply too attenuated to be allowed.  An *ex parte* conversation by an IHO in a different proceeding has no bearing on the issue Plaintiffs have presented.  The only connection this *ex parte* conversation has to this case is that it involved another hearing in which Plaintiffs were involved.   But that connection is simply not enough.  Plaintiffs claim that Indiana's scheme of using IHOs who trained other IHOs in administrative hearings does not result in impartial IHOs.  While an *ex parte* conversation might be evidence that a particular IHO was partial, it has no bearing on the issue of whether Indiana's scheme of using IHOs who trained other IHOs runs afoul of the impartial requirement. Furthermore, an *ex*

*parte* conversation by a different IHO in a completely different administrative hearing has nothing to do with whether IHO McKinney was impartial because of Indiana's scheme. Simply put, this discovery is too attenuated, and the burden on the Defendants to produce it outweighs any benefit it would produce. Defendants' first motion for a protective order to prevent the deposition of Long is **GRANTED**.

### 2. Kevin McDowell

McDowell is the general counsel for the Indiana Department of Education. Defendants seek to quash this notice of deposition in their third motion. Plaintiffs seek to depose McDowell regarding any knowledge that he may have regarding Indiana's training of IHOs and selection of IHOs for hearings. Plaintiffs have chosen McDowell because they subjectively believe he is the person in charge of training IHOs.

Under Fed. R. Civ. P. 30(b)(6), a party may notice a deposition naming a public government agency, but the party must describe with reasonable particularity the matters on which the examination is requested. Furthermore,

> . . . the [agency] so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). Plaintiffs noticed a deposition pursuant to Fed. R. Civ. P. 30(b)(6) and they sought an individual who had knowledge regarding the training and selection of IHOs. Even though Defendants provided Plaintiffs with a person to be deposed, Plaintiffs insist that McDowell is the "best" person with the most knowledge on these issues. Plaintiffs provide no reasoning or explanation to establish this subjective belief. Plaintiffs only insist that McDowell be compelled to testify.

Defendants argue that the person they have agreed to produce for the deposition has knowledge regarding the issues on which Plaintiffs seek information.  Consequently, the person Defendants have named in response to the Fed. R. Civ. P. 30(b)(6) request should be the person deposed regarding Indiana's hiring and training of IHOs.

Under Fed. R. Civ. P. 26(b)(2)(C)(i), discovery may be limited if it is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Common sense dictates that it is more convenient for both parties to depose the person that has the requisite knowledge Plaintiffs seek.  Plaintiffs will get the information they seek, which is more convenient for them.  Also, deposing the person Defendants named would be less burdensome on Defendants.  McDowell is one of Defendants' attorneys and allowing Plaintiffs to depose a person who holds this position of trust may involve complicated claims of privilege and is potentially harassing.  Simply put, it would be more convenient and less burdensome to prevent the deposition of McDowell.

Finally, this Court notes that Plaintiffs did not seek less intrusive means of discovery to obtain information about McDowell.  Plaintiffs did not issue, for example, interrogatories to McDowell, which in turn is probably why Plaintiffs have so much difficulty articulating why or how they believe McDowell is the person that needs to be deposed.

In summary, Plaintiffs have offered no justification for why McDowell must be deposed.  Allowing McDowell to be deposed is burdensome and harassing to the Defendants.  It will also be more convenient for both parties to depose the person Defendants offered for a Fed. R. Civ. P. 30(b)(6) deposition instead of McDowell.  Defendants' motion is **GRANTED**.  The Plaintiffs

shall not be allowed to depose McDowell. Plaintiffs may proceed with the deposition of the person Defendants have produced.

        3.      IHO McKinney

Plaintiffs claim that they must depose McKinney because he may have information regarding Indiana's selection of IHOs. Plaintiffs also indicate they wish to ask McKinney what effect his training of other IHOs had upon his decision. Again, Plaintiffs are not claiming that McKinney was individually biased or partial because he trains individuals how to be IHOs.

Plaintiffs have not articulated any good faith basis for their belief that McKinney has information regarding Indiana's decision to use IHOs in IDEA hearings who train other IHOs. The only thing Plaintiffs can point to is statistical evidence that most of the time McKinney has decided against petitioners in IDEA hearings. Statistical evidence of McKinney's decisions leads, at best, to a speculative inference that McKinney has knowledge on that issue. In actuality, Plaintiffs appear to be simply "fishing," with the hope that questioning McKinney may provide them with some information on this issue, but they have not articulated a reasonable analysis why McKinney would have information on this issue.

Furthermore, Plaintiffs' counsel admitted that they would like to question McKinney on what effect his training of IHOs had upon his decision making process. A court is not to probe the mental processes of the judicial decision maker, even a quasi-judicial decision maker such as those who serve in an administrative capacity. See U.S. v. Morgan, 313 U.S. 409, 422 (1941). Quasi-judicial officers may only be compelled to testify to relevant matters of fact that do not probe or compromise the mental processes employed in formulating the judgment. See Standard Packaging Corp. v. Curwood, Inc., 365 F. Supp. 134, 135 (D.C. Ill. 1973); United States v.

Roebuck, 271 F. Supp. 2d 712, 718 (D.C. Virgin Islands 2003).  Plaintiffs, by counsel's own admission, desire to question McKinney about what effect his role as a teacher or trainer of other IHOs had upon his decision making processes rather than any factual matters.  Such inquires are simply not proper.

In summary, the burden and intrusiveness of deposing McKinney outweighs any speculative benefit it would produce.  Due to the restrictive discovery standard in IDEA cases, Plaintiffs must articulate some cogent relevancy to the issue in which this Court is allowing discovery that is not speculative.  Plaintiffs have not done so.  The one reason Plaintiffs have provided, probing the mental processes of the IHO, is simply not permissible.  Consequently, Defendants' motion to quash and prevent the deposition of McKinney is **GRANTED**.

E. Ancillary Matters

This Court also addressed deadlines at the September 19, 2007, hearing.  The discovery deadline is extended to **November 1, 2007**.  The dispositive motion deadline is extended until **December 1, 2007**.

**III. CONCLUSION**

For the reasons stated, Defendants' motions to quash and for protective orders [Doc. No.s 45, 47, 49, & 61] are **GRANTED**.

**SO ORDERED.**

Dated this 3rd Day of October, 2007.

> S/Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge

12