UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| H.H. by her Parents and Next Friends, HAROLD HOUGH and KARI HOUGH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:06-CV-551-TS |
| INDIANA BOARD OF SPECIAL EDUCATION APPEALS, INDIANA DEPARTMENT OF EDUCATION, INDIANA STATE BOARD OF EDUCATION, JOHN GLENN COMMUNITY SCHOOL CORPORATION and JOINT EDUCATION SERVICES IN SPECIAL EDUCATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The Plaintiff seeks dismissal of "those parts of this case regarding the claims alleging lack of an impartial hearing officer and inadequate due process hearing system." (DE 108 at 1.) The Defendants object to a dismissal without prejudice because they have already expended a significant amount of resources responding to the Plaintiff's allegations, including moving for summary judgment. They contend that the claims should be resolved on the merits to prevent the same allegations from being asserted in the future. Underlying the parties' positions is a discovery dispute: the Plaintiff argues that she should be allowed to depose a third-party witness, and that being prohibited from doing so necessitates the dismissal; the Defendants contend that the deposition is beyond the scope of this case. Although the Court has twice decided the issue in favor of the Defendants,

this dispute continues in the background of the current motions and briefs.

## BACKGROUND

H.H., a minor, by her Parents and Next Friends, Harold and Kari Hough, sued the Indiana Board of Special Education Appeals, Indiana Department of Education, Indiana State Board of Education (collectively the "State Defendants"), the John Glenn School Corporation, and the Joint Educational Services in Special Education (collectively the "School Defendants"). They allege violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., and state administrative law, 511 Ind. Ad. Code, Art 7.

On December 21, 2006, the State Defendants moved to dismiss the Amended Complaint. In an order dated April 12, 2007, the Court dismissed all but two of the Plaintiff's claims against the State Defendants. The first surviving claim involved the number of self-contained communication disordered classrooms and continuum of services placement. The second was the Plaintiff's claim that the Independent Hearing Officer (IHO) who presided over her hearing was not impartial. As it is the second claim that is the subject of the current motion for voluntary dismissal, the Court will discuss it in more detail.

The Plaintiff alleges that the State Defendants violated the IDEA and Article 7 of the Indiana Administrative Code when they appointed Joseph McKinney as the IHO. The Plaintiff states that McKinney had a "personal or professional interest that would conflict with [his] objectivity" because he teaches a workshop for school administrators at Ball State University. (Pl.'s Amd. Compl., ¶¶ 11, 22) (citing 511 Ind. Admin. Code 7-30-3(g)(2), which provides that an IHO must "have no personal or professional interest that would conflict with the person's

2

objectivity in the hearing"). The Plaintiff asserts that if the State Defendants knew about his professorial position "or any other financial remunerations" when he was appointed, "they violated both the IDEA and Article 7 by appointing McKinney. If State Defendants did not know, they had a duty to know and avoid such an appointment in order to ensure the integrity of the hearing system." (Pl.'s Amd. Compl., ¶ 11.) Applying Rule 12(b)(6) standards, the Court determined that the State Defendants were not entitled to dismissal of this claim because the Plaintiff, during the course of the litigation, could establish facts consistent with the complaint allegations to prove that the IHO was actually biased, and that the State Defendants did not follow the rules and procedures that exist to ensure impartiality.

After the Court's ruling, the parties proceeded with discovery. The Plaintiff served a notice of deposition upon IHO McKinney. The State Defendants moved to quash the notice and for a protective order prohibiting the Plaintiff from serving him with any further discovery requests or notices of deposition without leave of court. The Defendants argued that the notice was an improper attempt "to delve into the deliberative process of McKinney and his role as the [IHO] in the Article 7 Hearing." (DE 47 at 3.) The Defendants also asserted that it was an improper fishing expedition as there was no evidence of impartiality.

In response to the Defendants' motion, the Plaintiff assured the Court that she did not seek to invade "any quasi-judicial mental processing of IHO McKinney." (DE 51 at 1.) Rather, the Plaintiff sought detailed facts of the IHO's relationship with Ball State as a professional interest that would conflict with his objectivity. (DE 51 at 2) (citing the standard set forth in 511 Ind. Admin. Code 7-30-3(g)(2)).

On October 3, 2007, the magistrate judge ruled on the issues surrounding the deposition

3

of the IHO and other third-party witnesses. Referencing a September 19 hearing that the Court conducted to address several discovery disputes, the Court stated that counsel for the Plaintiff clarified her claim regarding the IHO's impartiality:

> Plaintiff's counsel informed the Court that they are not claiming that McKinney lacked sufficient training or knowledge, nor are Plaintiffs claiming that McKinney had a personal or professional conflict that would make him biased. Instead, as Plaintiffs made clear at the hearing, they allege that Indiana's decision to choose people who train or educate IHOs to serve as IHOs is contrary to law. In other words, Plaintiffs are challenging Indiana's choice of IHOs on a systematic level rather than based upon any particular or individual facts regarding McKinney.

(DE 74 at 5.) The Court determined that any information about, or from, McKinney was too remote to a claim of systematic violations about Indiana's selection scheme. (*Id.* at 5–6.) The Court also reasoned that the Plaintiff's complaint had not set forth a broad systematic attack on Indiana's scheme of selecting IHOs. Finally, the Court noted that even if discovery outside the administrative record was proper, the Plaintiff did not articulate a good faith basis for believing that McKinney had information regarding Indiana's decision to use IHOs in IDEA hearings who train other IHOs, which was the anticipated subject matter of the Plaintiff's questions. Therefore, the Court granted the Defendants' motion for protective order and prevented the Plaintiff from deposing McKinney.

The Plaintiff interpreted the Court's order as granting her permission to conduct a Federal Rule of Civil Procedure 30(b)(6) deposition of another third party about the training and selection of hearing officers. After conducting that deposition, the Plaintiff motioned for further discovery because the deposed individual did not have knowledge about the training provided to hearing officers. On November 21, the Court denied the motion and reiterated its holding that no such deposition was appropriate because it was outside the scope of the administrative hearing

4

and the allegations contained in the First Amended Complaint. (DE 84.)

On November 27, the State Defendants moved for summary judgment on the Plaintiff's claims regarding the impartiality of IHO McKinney or any other IHO and the claims regarding self-contained communication disordered classrooms. Meanwhile the parties presented arguments to the Court regarding the submission of supplemental evidence for the Court's consideration of the Plaintiff's claims and the Defendants' defenses. On December 3, the Plaintiff filed her own motion for summary judgment on the communication disorders classroom claim. The Plaintiff also filed a response to the Defendants' motion for summary judgment on that claim. The Plaintiff's response did not include argument in response to the Defendants' motion for summary judgment on the claim regarding the partiality of the IHO. Instead, on February 8, 2008, the Plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss "those parts of this case regarding the claims alleging the lack of an impartial hearing officer and inadequate due process hearing system." (DE 108 at 1.) One of the grounds the Plaintiff cited for dismissal was that she could not "sustain her burden to establish the lack of an impartial hearing officer or an unfair hearing system at this time without the discovery which has been sought and mostly denied." (DE 108 at 2.)[1]

On February 12, 2008, the Court granted the Plaintiff's motion for partial voluntary dismissal.[2] On February 13, the Defendants responded in opposition to the motion, arguing that

---

[1] The Court notes that although the Plaintiff continues to express disagreement with the magistrate judge's discovery rulings, the Plaintiff did not seek a review of those rulings as permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P 72(a) (allowing a party to object to a magistrate's order within ten days of being served with a copy of the order). Upon making an objection, the district court would have modified or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *Id.* But "[a] party may not assign as error a defect in the order not timely objected to." *Id.*

[2] The Court's order was premature because it was entered before the Defendants' time to respond in opposition had expired.

5

the matter should be resolved on the merits. On February 20, the Court held a status conference regarding the voluntary dismissal and set deadlines for further briefing or, if the parties reached an agreement, for a stipulation regarding dismissal. The parties have supplemented their briefing, each holding to their original position regarding dismissal.

## STANDARD OF REVIEW

Because the Defendants have already filed a motion for summary judgment in this cause, the Plaintiff's motion for voluntary dismissal is governed by Rule 41(a)(2). *See* Fed. R. Civ. P. 41. It states that an action may not be dismissed at the plaintiff's request except by court order, and on terms that the court considers proper. A dismissal under this section is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(2). The purpose of the rule is to permit a plaintiff to dismiss an action as long as the defendant is not prejudiced. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). Whether to grant a motion for voluntary dismissal is within the discretion of the trial court, but dismissal should be allowed unless the defendant will suffer plain legal prejudice. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Plain legal prejudice is not established by the mere prospect of a second lawsuit. *Id.*

> [F]actors to be considered in examining motions to dismiss may properly include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."

*Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (quoting *Pace v. S. Express Co.*, 409 F.2d 331 (7th Cir. 1969)). The Seventh Circuit has warned:

> The enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party

6

>before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.

*Tyco Labs*, 627 F.2d at 56.

## DISCUSSION

The Plaintiff moves to voluntarily dismiss without prejudice two claims. However, the Court finds that only one of the two claims, that regarding McKinney's impartiality, has been properly asserted in this cause of action. The second, involving the "inadequate due process hearing system," is not a claim that is before this Court and, thus, cannot be the subject of a motion for voluntary dismissal or a dismissal without prejudice or otherwise. The Court will now explain why this claim is not properly before it.

**A.     Inadequate Due Process Hearing System**

In her motion for dismissal, the Plaintiff points to specific portions of the First Amended Complaint as setting forth the cause of action regarding the due process hearing system: paragraphs 8–13, 18, and 24. Paragraph 8 complains about the state's requirements for members of the Board of Special Education Appeals (BSEA). That claim was dismissed by this Court's order of April 12, 2007. (DE 40 at 14–16.) Paragraphs 9, 12, and 13 of the complaint also set forth claims that this Court dismissed for failure to state a claim upon which relief may be granted. (DE 40 at 12–14.) Paragraph 10 is a statement about the BSEA's ruling history. It is not related to any claims regarding the IHO selection process. Paragraph 18 addresses exhaustion of administrative remedies, and the First Amended Complaint does not contain a paragraph 24.

That leaves paragraph 11 among those cited as potentially setting forth a due process

7

claim regarding the hearing system, particularly the appointment of hearing officers. Although paragraph 11 addresses the IHO's impartiality, the allegations refer only to McKinney's appointment in this case and his personal and professional interests, specifically his position as a professor at Ball State University teaching a class for school administrators. It does not allege that the entire appointment process is flawed.

      The Court has notified the Plaintiff three times that her complaint allegations do not set forth a systematic challenge to the appointment process. The first notice came by way of this Court's order on the State Defendants' motion to dismiss. The Court held that the Plaintiff's claim could go forward under the Rule 12(b)(6) standard because if she could establish that the IHO was actually biased, and that the State Defendants did not follow the rules and procedures that exist to ensure impartiality (which facts would not be inconsistent with the complaint allegations), she would have a meritorious claim. Then, when the Plaintiff stated in response to a discovery dispute that she was challenging Indiana's choice of IHOs on a systematic level, the Court held that to frame the litigation in terms of a broad systematic attack on Indiana's scheme of selecting IHOs would improperly change the complexion of the case. The Plaintiff was informed of this a third time when the Court reiterated its holding in a subsequent order regarding discovery. These holdings are consistent with the complaint allegations, which note only IHO McKinney's position as a professor as potentially in conflict with his objectivity.[3]

      Despite the ample notice that the Plaintiff's complaint did not set forth a systematic challenge to the State's appointment process, the Plaintiff did not attempt to amend the

---

[3] They are also consistent with the Plaintiff's own framing of the issues in response to the Defendants' motion to dismiss. The Plaintiff argues that it was the State's responsibility to ensure a due process system that is compliant with the IDEA and Article 7 of the Indiana Code, and that neither the hearing officer or the BSEA made the appropriate "disclosure *in this case*." (DE 28 at 13) (emphasis added).

complaint through established rules and procedures. Only those claims presented in a pleading are properly before the Court. The Plaintiffs' oral clarification of the type of claim she intended to assert does not make it a part of this case where the complaint itself does not provide fair notice of such a claim and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (discussing Rule 8 pleading requirements and Rule 12(b)(6) motions to dismiss). Because this claim was not asserted in the Plaintiff's lawsuit, it is not properly the subject of a motion for voluntary dismissal.[4]

**B.    Impartial Hearing Officer**

The second claim that the Plaintiff moves to voluntarily dismiss is that "alleging the lack of an impartial hearing officer." It is not clear if this is intended to be a reference to the claim that the particular IHO that presided over the student's hearing was not objective and that the State did not take measures to ensure his impartiality. That is the claim that was presented in the First Amended Complaint and that survived a Rule 12(b)(6) motion for dismissal. However, during a hearing before the magistrate judge on September 19, 2007, the Plaintiff stated that this was not the Plaintiff's intended claim. Additionally, the Plaintiff's arguments in support of voluntary dismissal relate only to the systematic claim, making it difficult to discern what "lack of an impartial hearing officer" refers to.

In any event, despite acknowledging that she was not claiming that IHO McKinney was

---

[4] The Court notes that because the claim was not asserted in the complaint, the Plaintiff was not allowed discovery on this claim, and the Defendants were not required to defend against it. Thus, the traditional factors for consideration of a motion for voluntary dismissal, such as discovery efforts, diligence in prosecution, and the filing of a summary judgment motion, do not apply. In addition, there can be no preclusive effect on a claim that was never before the Court for adjudication. Therefore, the purpose for allowing a plaintiff to voluntary dismiss a claim without prejudice does not exist in this case.

biased, the Plaintiff's first attempt to dismiss this claim was the motion for voluntary dismissal filed on February 8, 2008. In the five months that passed between acknowledging in open court that the Plaintiff was not pursuing a claim that McKinney himself was biased, and moving to dismiss that claim, the Defendants expended resources on filing a motion for summary judgment on the claim. The Plaintiff dismisses the Defendants' efforts by arguing that summary judgment in an IDEA case is not like the typical summary judgment motion that might preclude voluntary dismissal. It is true that the standard of review in an IDEA case is different than that governing the typical review of summary judgment. *Heather S. v. State of Wis.*, 125 F.3d 1045, 1052 (7th Cir. 1997). The Seventh Circuit has stated that when the motion asks the Court to decide the case on the basis of the administrative record, a decision by the court in such circumstances might well be described as judgment on the record. *Beth B. v. Van Clay*, 282 F.3d 493, 496 n.2 (7th Cir. 2002); *see also Heather S.*, 125 F.3d at 1052 (noting that the court's decision is based on the preponderance of the evidence). However, this difference does not explain why voluntary dismissal is more appropriate here than in non-IDEA cases where summary judgment has been filed. It would be highly inefficient to require the Defendants to review the administrative record and any supplemental evidence and submit argument in support of the administrative proceedings, yet leave another claim for review at a later date. This would subject the Defendants to plain legal prejudice, particularly where the lawsuit has been pending for over a year and one-half and is ripe for final adjudication.

Moreover, the Plaintiff has not presented a sufficient reason for the need to take a dismissal. The Plaintiff blames the magistrate judge's discovery rulings for forcing her to accede that her claim is without foundation. But that only goes to the systematic claim; it does not

10

address the Plaintiff's failure to establish the purported bias of McKinney or the motion to dismiss that claim. In addition, the Plaintiff's claim that the discovery in IDEA proceedings serves a different function than it does is non-IDEA cases does not justify waiting until this late stage of the proceedings to move for dismissal. The Plaintiff argues that

> unlike the typical case where plaintiffs may be able to forecast their discovery and plan accordingly and more efficiently for a Rule 41 dismissal, in the IDEA case, as is clear in this one, Plaintiffs must first initiate discovery, then have a Court determine whether such discovery proceeds, proceed with discovery, and then offer to supplement the administrative record with the results of that discovery. . . . Only after all of this, may Plaintiffs finally learn that the discovery does not provide them with evidence that they would need to supplement the administrative record and or to respond to a motion for summary judgment.

(DE 117 at 9–10) (citations omitted). The Court does not agree that this differs significantly from the non-IDEA case, where a party must conduct discovery, subject to rules of procedure and court orders regarding the appropriateness of the discovery, and offer the evidence in support of its claims, many times in response to the defendant's motion for summary judgment. Besides, the Plaintiff was aware of the discovery limitations well before the Defendants moved for summary judgment and well before she sought to voluntarily dismiss the claim. And again, this argument in favor of dismissal only addresses the claim regarding a systematic violation, not the claim that was actually asserted in the complaint—that McKinney was appointed despite holding a position that would affect his objectivity.

Another reason that the Plaintiff presents for dismissal is that the IDEA supports the cessation of litigation when it becomes "clearly . . . without foundation." (DE 117 at 7.) The Plaintiff cites to the following code provision:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—

11

>    (I) to a prevailing party who is the parent of a child with a disability;
>
>    (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation

20 U.S.C. § 1415(i)(3)(B)(i)(II). In essence, counsel is seeking to avoid the imposition of fees. The mandate to avoid litigation that is frivolous, unreasonable, or without foundation, is not, as the Plaintiffs suggest, unique to the IDEA. *See, e.g.,Williams v. Kobel*, 789 F.2d 463, 472 (7th Cir. 1986) (stating that a prevailing defendant is entitled to attorney's fees under the Civil Rights Attorneys' Fees Awards Act, 42 U.S.C. § 1988, if the plaintiff's suit was "frivolous, unreasonable, or without foundation, or if the plaintiff continued to litigate after it clearly became so") (quoting *Eichman v. Linden & Sons, Inc.*, 752 F.2d 1246, 1248 (7th Cir. 1985)). Nor is it a sufficient reason to take a dismissal of a claim without prejudice to refiling that claim.

Because the Plaintiff has not presented a sufficient reason for dismissal without prejudice, and the Defendants have already incurred the time and expense of defending against the claim, the Court dismisses with prejudice the Plaintiff's claim that the IHO was not impartial. *See Ratovich v. Smith Kline*, 951 F.2d 155 (7th Cir. 1991) (noting that under certain circumstances a district court may, as a "term and condition" of dismissal, dismiss an action with prejudice). There will be no written analysis of the claim upon this dismissal. However, the Plaintiff must be given an opportunity to withdraw her Rule 41(a)(2) motion for dismissal without prejudice when the court grants the motion, but does so only with prejudice. *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). Accordingly, the Plaintiff is allowed until Monday, April 28, 2008, to take further action to undo the dismissal with prejudice. To undo the

dismissal, the Plaintiff must file a notice with the Court that she is withdrawing her motion for voluntary dismissal. If she files such a notice, she must also continue to prosecute the claim by filing a separate response to the Defendants' motion for summary judgment. The summary judgment response should either present evidence and argument in accordance with Federal Rule of Civil Procedure 56 and N.D. Ind. L.R. 56.1, or state that the Plaintiff does not oppose the Defendants' motion for summary judgment. The Plaintiff is reminded that no systematic claim challenging Indiana's IHO appointment procedures is before the Court and, thus, any response that she files should not address this type of claim.

If the Plaintiff does not take the above-described action (filing of a notice and response) by April 28, the dismissal with prejudice ordered in this Opinion and Order will stay in effect. In either event, the Court will issue an Opinion and Order on the communication disorders classroom claim that was presented in the parties' cross motions for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court's February 12, 2008, Order of dismissal [DE 110] is VACATED, and the Plaintiff's Motion for Voluntary Dismissal [DE 108] is REINSTATED. The Motion for Voluntary Dismissal [DE 108] is DENIED. The Plaintiffs' claim that the BSEA did not take measures to ensure that the IHO was impartial is DISMISSED WITH PREJUDICE unless the Plaintiff notifies the Court in writing by April 28 that she is withdrawing her motion for voluntary dismissal and responds to the motion for summary judgment that is pending as DE 86. Because the claim for a systematic violation of the rules for appointing hearing officers is not before the Court, it will make no ruling on the merits of such a claim and it is not necessary for

13

the parties to present any further briefing on that claim.

    SO ORDERED on April 11, 2008.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION