UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| H.H. by her Parents and Next Friends, HAROLD HOUGH and KARI HOUGH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:06-CV-551-TS |
| INDIANA BOARD OF SPECIAL EDUCATION APPEALS, INDIANA DEPARTMENT OF EDUCATION, INDIANA STATE BOARD OF EDUCATION, JOHN GLENN COMMUNITY SCHOOL CORPORATION and JOINT EDUCATION SERVICES IN SPECIAL EDUCATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a motion for summary judgment filed by Defendants Indiana Board of Special Education Appeals, the Indiana Department of Education, and the Indiana State Board of Education [DE 86] and a motion for partial summary judgment filed by the Plaintiff H.H., a minor, by her Parents and Next Friends, Harold and Kari Hough [91]. Both motions address the Plaintiff's claim that the Defendants denied H.H. the free appropriate education guaranteed to her under the Individuals with Disabilities Education Act (IDEA) when they failed to ensure a continuum of alternative educational placements, particularly the option of placement in a special classroom for communication disorders.

**BACKGROUND**

H.H., a minor, by her Parents and Next Friends, Harold and Kari Hough, has sued the Indiana Board of Special Education Appeals, Indiana Department of Education, Indiana State Board of Education (collectively the "State Defendants"), the John Glenn School Corporation, and the Joint Educational Services in Special Education (JESSE) (collectively the "School Defendants"). The Plaintiff alleges violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., and state administrative law, 511 Ind. Ad. Code, Art 7. The Plaintiff maintains that the Defendants have failed to provide the appropriate education for her as a child with 47 XXX, also known as Triple X Syndrome.

On April 12, 2007, the Court granted in part the State Defendants' motion to dismiss. After dismissing three of the Plaintiff's claims pursuant to Rule 12(b)(6), two claims remained: (1) that the State Defendants did not provide a continuum of alternative educational placements when they did not have a sufficient number of "self-contained communication disordered classrooms;" and (2) that State Defendants violated the rules intended to ensure the impartiality of the independent hearing officer (IHO).

After developing a new Individualized Education Plan (IEP) for H.H., the Plaintiff and the School Defendants, on June 8, 2007, agreed to stay discovery and dispositive motion filings until the entry of judgment resolving the claims against the State Defendants [DE 44].

The Plaintiff and the State Defendants have filed cross motions for summary judgment on the Plaintiff's claim regarding the lack of special communication disordered classrooms, which she sets forth in her complaint as follows:

> State Defendants were responsible for and fully aware at the time of the dispute involving H.H., that the State of Indiana lacked and lacks any or sufficient

>numbers of self-contained communication disordered classrooms at the time of the hearing brought by H.H., who was and remains in need of same. This violates the IDEA's requirements for a continuum of services placements. 20 U.S.C. 1412(a)(5), 34 C.F.R. 300.550–300.556 (1999), 34 C.F.R. 300.114–120 (2006).

(Pl. First Am. Compl., DE 24 ¶ 6.)[1] The Plaintiff describes the appropriate classroom as one that was

>"figured for children who lack primary language learning disability" where she could be taught by a speech and language pathologist who has a master's in special education which would allow H.H. to get "the input for speech and language all day as well as the small teacher/classroom . . . or 6–8 kids, all of whom had language based issues, so that every part of the curriculum is focused on that."

(Pl. Mem. DE 92 at 2) (quoting testimony of Dr. Carol Sprouse, Tr. 1592–93) (ellipses in original).

## STANDARD OF REVIEW

Pursuant to the IDEA, a district court conducting judicial review of an agency determination "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). When neither party presents new evidence "[t]he motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994). Plaintiff, as the party challenging the outcome of the state administrative decision, bears the burden of proving her

---

[1] The State Defendants' motion for summary judgment also addresses the claim that the State Defendants did not take measures to ensure that the IHO was impartial. However, on April 11, 2008, the Court dismissed this claim. Therefore, only the claim regarding the availability of communication disordered classrooms requires resolution upon the parties' motions.

3

claim by a preponderance of the evidence. *See Patricia P. v. Bd. of Educ. of Oak Park*, 203 F.3d 462, 467 (7th Cir. 2000).

But here, the Plaintiff is not, in the strict and traditional sense, challenging the outcome of the administrative proceedings. Rather, she contends that the State Defendants violated the IDEA by not having special classrooms for children with communication disorders, and that this ultimately led to the School Defendants' failure to include instruction in such a classroom in H.H.'s IEP. Further, she submits that she is entitled to summary judgment on this claim because "there is no genuine issue of dispute that a communication disorders classroom exists in the State of Indiana," (Pl. Mem. DE 92 at 3) and that "[t]he Court can and must find that the State Defendants do not have a continuum of alternative educational placements in place if there is no communications disorders classroom in the entire State of Indiana" (Pl. Mem. DE 92 at 8). The Plaintiff acknowledges that there may be a genuine issue of material fact as to whether H.H. requires a communication disorders classroom, but contends that this is a separate issue from whether these classrooms exist. Thus, whether the proposed IEP for H.H. was adequate under the IDEA, and whether the determinations of the independent hearing officer and state review board should be upheld, are not before the Court on the parties' cross motions.

## DISCUSSION

**A.     Exhaustion of Administrative Remedies**

The State Defendants argue that the Plaintiff failed to exhaust her administrative remedies regarding the availability of a communication disorders classroom. The Plaintiff argues that this issue was not capable of resolution through the administrative process.

Judicial review under the IDEA is ordinarily available only after the student or parent exhausts administrative remedies. 20 U.S.C. §§ 1415(i)(2) and 1415(l); *Honig v. Doe*, 484 U.S. 305, 326–27 (1988). However, the exhaustion requirement is not absolute. It is not required where it would be futile or where the administrative remedy would be inadequate. *Honig*, 484 U.S. at 326–27; *Matthews v. Eldrige*, 424 U.S. 319, 329–30 (1976). Plaintiffs may also bypass the administrative remedies if "the agency has adopted a policy or pursued a practice of general applicability that is contrary to the law." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303–04 (9th Cir. 1992) (citing H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985) (discussing 1986 amendments to the IDEA)).

Although a hearing officer would be able to determine whether instruction in the special classroom described by the Plaintiff should be included in a particular child's IEP on a case-by-case basis, he would not have the authority to determine whether the state-wide absence of a self-contained communication disordered classroom violates the IDEA. Therefore, the Plaintiff's claim that the State's failure to maintain such classrooms is a violation of the IDEA is not a claim that is amenable to administrative remedies.

**B.      Requirements of the IDEA**

The IDEA entitles a disabled child to a free and appropriate public education (FAPE). 20 U.S.C. § 1412(a)(1). An appropriate education is one "specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child 'to benefit' from the instruction." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 188–89 (1982). To effectuate its purpose, the IDEA requires a conference between

the child's parents, school administrators and the child's teachers to create and maintain an individualized education plan (IEP) for the disabled student. 20 U.S.C. §§ 1401(11), 1414(d). A proper IEP is reasonably calculated to enable the child to receive educational benefits. *Rowley*, 458 U.S. at 207.

Not only must the IEP confer some educational benefit, but it must do so in the "least restrictive environment" (LRE).

> To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.

20 U.S.C. § 1412(a)(5). The implementing regulations of the Offices of the Department of Education also require that disabled children be educated in the LRE. 34 C.F.R. § 300.114. Each public agency must ensure that:

> (i) To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are nondisabled; and
>
> (ii) Special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.

34 C.F.R. § 300.114(a)(2)(i)–(ii). Thus, there is a preference in the IDEA for mainstreaming. *Beth B. v. Van Clay*, 282 F.3d 493, 497 (7th Cir. 2002).

The application of the LRE to a disabled child is an individualized, fact-specific inquiry. The nature or severity of a child's disability may make education in a regular classroom with the use of supplementary aids and services inappropriate or unsatisfactory. But, in accordance with

6

the LRE goal, such a student should not be left with the extreme alternative of placement at a completely segregated, full time residential facility. Rather, to effectuate the goal of educating disabled children in the LRE, a continuum of services must be provided.

> (a) Each public agency must ensure that a continuum of alternative placements is available to meet the needs of children with disabilities for special education and related services.
>
> (b) The continuum required in paragraph (a) of this section must—
>
> (1) Include the alternative placements listed in the definition of special education under § 300.3[9] (instruction in regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions); and
>
> (2) Make provision for supplementary services (such as resource room or itinerant instruction) to be provided in conjunction with regular class placement.

34 C.F.R. § 300.115.[2]

Any placement of a child must be made in conformity with the LRE provisions of the regulations as determined by a "group of persons, including the parents, and other persons knowledgeable about the child, the meaning of evaluation data, and the placement options." 34 C.F.R. § 300.116. The placement is to be based on the child's IEP. *Id.*

---

[2] This section of the C.F.R. actually references § 300.38 as the source of the definition of special education. This appears to be a typographical error. Section 300.39, not 300.38, provides the definition of special education:

> **§ 300.39 Special education.**
> (a) General.
> (1) Special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability, including—
> (i) Instruction conducted in the classroom, in the home, in hospitals and institutions, and in other settings; and
> (ii) Instruction in physical education.
> (2) Special education includes each of the following, if the services otherwise meet the requirements of paragraph (a)(1) of this section—
> (i) Speech-language pathology services, or any other related service, if the service is considered special education rather than a related service under State standards;
> (ii) Travel training; and
> (iii) Vocational education.

34 C.F.R. § 300.39.

The regulations place the burden of ensuring that "§ 300.114 is effectively implemented, including, if necessary, making arrangements with public and private institutions (such as a memorandum of agreement or special implementation procedures)" with the State Educational Agency (SEA). 34 C.F.R. § 300.118. Therefore, although SEAs are not responsible for the development and placement of each child, SEAs must take steps to ensure that each child is afforded placement in his or her LRE. The Plaintiff, in essence, claims that the State Defendants did not do this when they failed to make any communication disordered classrooms available.[3]

C.     Analysis of the Plaintiff's Claims

Two propositions are inherent in the Plaintiff's argument that the State Defendants must have communication disorders classrooms to be in compliance with the IDEA. First, the argument assumes that placement in such a classroom was required to achieve a FAPE for H.H. Second, it assumes that if H.H.'s IEP had included instruction in this type of classroom, that the State would not have required, or ensured, that H.H. received that instruction. As will be discussed more fully in this Opinion, the claim cannot survive unless these propositions are true. Because neither of these assumptions is supported by the record currently before the Court, no reasonably jury could find for the Plaintiff ,and the State Defendants are entitled to summary judgment.

---

[3] Although this accurately states the essence of the Plaintiff's claim, the Court notes that when a parent believes that a child is not placed in his or her LRE, it is most often argued that the environment is too restrictive. As such, the parent insists on more integration with children who are not disabled. Here, the Plaintiff uses the LRE requirement to argue that placement outside the regular educational environment is necessary to confer educational benefit to H.H. This is more akin to an argument that the IEP is deficient because it does not provide services that permit the child to benefit from the instruction as opposed to a claim that the placement does not fall within the proper point along the continuum of services. In any event, for purposes of her claim against the State Defendants, the Plaintiff avoids a detailed discussion of the appropriateness of her IEP. The Court will discuss the shortcomings of this approach later in this Opinion.

The Plaintiff argues that failing to provide a specific type of special classroom, in and of itself, violates the IDEA because the local agencies are deprived of a particular option within the continuum. (That the Plaintiff also purportedly needs instruction in the special classroom creates standing for her to challenge the deficiency.) But the Plaintiff cannot divorce her need for a special classroom from the State's requirement to ensure that the local educational agencies provide such a classroom because there is no blanket requirement on the State to provide the classroom described by the Plaintiff. The Plaintiff would like to mandate the precise service that is made available along the continuum of services. (Pl. Mem. DE 92 at 8) (arguing that "[t]he Court can and must find that the State Defendants do not have a continuum of alternative educational placements in place if there is no communications disorders classroom in the entire State of Indiana"). But there is no evidence in the record to show that in the absence of the specific type of classroom desired by H.H.'s parents, that H.H. or other disabled children in Indiana will not receive an IEP that is reasonably calculated to enable them to receive educational benefits, which is what the IDEA requires.

> The purpose of the continuum is to ensure that a variety of choices are available so that an IEP can be construed which ensures an appropriate education. An appropriate education is one that should be reasonably calculated to enable the child to achieve passing marks and advance from grade to grade.

*Straube v. Fl. Union Free Sch. Dist.*, 801 F. Supp. 1164, 1176 (S.D.N.Y. 1992) (citing *Rowley*, 458 U.S. at 204). The Plaintiff cannot establish that because one particular type of classroom is not available, that the variety of choices necessary to construe IEPs that satisfy the Act is missing. She presents no details regarding supplementary aids and services in regular classes, special classes, special schools, home instruction, or instruction in other institutions that are available in the state. Evidence in this type of vacuum is severely lacking, particularly where the

9

claim is that a requirement for a *continuum* of program options has not been satisfied.

Several principles cut against the Plaintiff's claim. First, "[t]he local educational authorities can make choices and allocate scarce resources without the courts intervening in their choices so long as sufficient options are available to provide reasonable opportunities for the disabled child." *Straube*, 801 F. Supp. at 1176 (citing *Rowley*, 458 U.S. at 208). The absence of one particular type of classroom is not proof that children with communication disorders in Indiana are without reasonable opportunities.

Second, parents simply "do not have a right under the [IDEA] to compel a school district to provide a specific program or employ a specific methodology in providing for the education of their handicapped child." *Lachman v. Ill. State Bd. of Educ.*, 852 F.2d 290, 297 (7th Cir. 1988) (citing *Rowley*, 458 U.S. at 207). This is related to the principle that, "[i]n assuring that the requirements of the Act have been met, courts must be careful to avoid imposing their view of preferable educational methods upon the States." *Rowley*, 458 U.S. at 207. Without first establishing that the Plaintiff (or, for that matter, any other child) requires a particular placement to receive an appropriate education, the Court cannot find that the State's failure to ensure that the service was available is a violation of the IDEA. On the current record, the claim before this Court is simply an improper attempt by H.H.'s parents to compel the state to provide a specific program.[4]

---

[4] Throughout much of the Plaintiff's briefing, she argues that H.H. required a communication disorders classroom. She bases this assertion on the testimony that a Triple XXX expert provided during the administrative hearing. However, the Plaintiff has not established by a preponderance of the evidence that this is the only instructional setting that would provide H.H. with meaningful educational benefits, or that her current IEP does not provide such benefits. The Plaintiff argues that the State Defendants have not put forth any evidence that H.H. does not need a communication disorders classroom. But it is the Plaintiff who has the burden of proof on this matter, and she has not cited sufficient evidence from the administrative record relevant to this issue. The Court is not even aware through the Plaintiff's briefing what terms make up the IEP that was actually developed (and claimed to be deficient). Nor is it clear from the record whether the Plaintiff requested that H.H.'s IEP include instruction in a self-

Even if the type of classroom that the Plaintiff describes is the only educational option that would provide H.H. with a FAPE (which is far from established), there is no evidence that the local educational agency is unable or unwilling to provide such services to H.H.  In the absence of an inability or unwillingness to provide the services, there can be no merit to the allegation that the State has failed to ensure that the provisions regarding alternative placements are effectively implemented. The Plaintiff has not cited any case where a single student challenges the programs offered to disabled students without first showing a need for the services and an unwillingness by the local educational agency to provide the service.

The Court notes that the State has codified its duties to provide a continuum of alternative placements. The Indiana Administrative Code provides that each entity that has authority to provide special education shall have in place written policies and procedures to ensure the following:

> (6) A continuum of services is available to meet the individual needs of students with disabilities, including, but not limited to:
> (A) instruction in general education classes;
> (B) special classes;
> (C) special schools;
> (D) home instruction; and
> (E) instruction in hospitals and institutions;
> and makes provision for supplementary services to be provided in conjunction with general education placement.

---

contained communications disorders classroom. The Court anticipates that these issues will be addressed in connection with the Plaintiff's claims against the School Defendants. But until that point, the Plaintiff has not established, and the Court cannot assume, that a self-contained communication disorders classroom is the only type of classroom that would offer H.H. a FAPE. "The school district is required by statute and regulations to provide an appropriate education, not the best possible education, or the placement the parents prefer." *Heather S. v. State of Wis.*, 125 F.3d 1045, 1057 (7th Cir. 1997) (internal citations omitted).

511 Ind. Ad. Code § 7-27-9(6).[5] The State has also codified the procedures through which a parent may challenge the provision of a FAPE, including the "appropriateness of the student's proposed or current level of special education services or placement." 511 Ind. Ad. Code § 7-30-3(a). The Court anticipates that, if a self-contained communication disorders classroom should have been included in H.H.'s IEP, the mechanisms that are in place to challenge an IEP, including judicial review, will provide the appropriate remedy to the Plaintiff. Upon review, if the Court finds that the IEP developed for H.H. is reasonably calculated to enable her to receive educational benefits, and does so in the LRE, the Defendants will have met their statutory obligations. If the IEP is deficient, the Court "shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). But the Plaintiff's claim that the State Defendants are in violation of their obligation to ensure that the local education agencies provide a continuum of alternative placements does not survive summary judgment.

## CONCLUSION

For the foregoing reasons, the State Defendants' Motion for Summary Judgment [DE 86] is GRANTED in PART and RENDERED MOOT in PART by the Court's Order of April 11, 2008. The Plaintiff's Motion for Partial Summary Judgment [DE 91] is DENIED. The State Defendants are dismissed from this case. A status conference is SCHEDULED for Thursday, June 19, 2008, at 1:30 PM (EST). The Court will initiate the call to counsel for the Plaintiffs and to counsel for the School Defendants.

---

[5] The Plaintiff takes issue with the State's use of the phrase "continuum of *services*," and argues that this is not the same as a continuum of alternative placements, but does not elaborate on the significance of the difference. The Court finds this argument unpersuasive, particularly given the codes' specific reference to "special classes" and other placements that are identified by the IDEA and its implementing regulations.

SO ORDERED on June 3, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION